NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 24 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARMEN VALUS,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.    15-71577

Agency No. A206-267-544

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2017[**]

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Carmen Valus, a native and citizen of Romania, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her motion to reopen removal proceedings conducted in

absentia.  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen and review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion or violate due process in denying Valus' motion to reopen, based on lack of notice, where Valus was personally served a Notice to Appear that informed her of her obligation to update the court with a current address, and the notice of her hearing was mailed to the most recent address she provided, but was returned as undeliverable. *See* 8 C.F.R. § 1003.23(b)(4)(ii) (a motion to reopen in absentia proceedings based on lack of notice may be filed at any time); 8 U.S.C. § 1229(c) ("Service by mail [of a hearing notice] shall be sufficient if there is proof of attempted delivery to the last address provided by the alien . . ."); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (an alien must show error and prejudice to prevail on a due process claim).

Notice of Valus' hearing also comported with due process. *See Popa v. Holder*, 571 F.3d 890, 897 (9th Cir. 2009) ("Due process is satisfied if service is conducted in a manner reasonably calculated to ensure that notice reaches the alien." (citation and quotation marks omitted)).

Contrary to Valus' contention, the agency did not violate due process by

2

allegedly not providing the contents of the Notice to Appear in Romanian. *See*

*Flores-Chavez v. Ashcroft*, 362 F.3d 1150, 1155 n.4 (9th Cir. 2004) ("Current law

does not require that the Notice to Appear . . . be in any language other than

English."); *Lata*, 204 F.3d at 1246.

**PETITION FOR REVIEW DENIED.**